MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JAIME CRUZ SANTIAGO, *individually and*
*on behalf of others similarly situated,*

*Plaintiff*,

-against-

THONG SOOK CORPORATION (D/B/A
NOODIES THAI KITCHEN), WORAPHONG
WORACHINDA, and JOYZE NUTTAKARN,

*Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jaime Cruz Santiago ("Plaintiff Cruz" or "Mr. Cruz"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Thong Sook Corporation (d/b/a Noodies Thai Kitchen), ("Defendant Corporation"), Woraphong Worachinda and Joyze Nuttakarn, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.    Plaintiff Cruz is a former employee of Defendants Thong Sook Corporation (d/b/a Noodies Thai Kitchen), Woraphong Worachinda, and Joyze Nuttakarn.

2.    Defendants own, operate, or control a Thai Restaurant, located at 830 9th Ave, New York, NY 10019 under the name "Noodies Thai Kitchen."

3.     Upon information and belief, individual Defendants Woraphong Worachinda and Joyze Nuttakarn, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Cruz was employed as a delivery worker, dishwasher and food preparer at the restaurant located at 830 9th Ave, New York, NY 10019.

5.     Plaintiff Cruz was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing plates, pans, pots, cups, washing shrimps, cutting vegetables such as broccoli, mushrooms, extending and cutting noodles, taking out the trash, cleaning the kitchen, organizing inventory on Sundays, twisting and tying up cardboard boxes  (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiff Cruz worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.     Rather, Defendants failed to pay Plaintiff Cruz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Cruz the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Cruz as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Cruz at a rate that was lower than the required tip-credit rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Cruz's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Cruz's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Cruz at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Cruz's and other tipped employees' tips and made unlawful deductions from Plaintiff Cruz's and other tipped employees' wages.

14. Defendants' conduct extended beyond Plaintiff Cruz to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cruz and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16. Plaintiff Cruz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Cruz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cruz's state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai Restaurant located in this district. Further, Plaintiff Cruz was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Jaime Cruz Santiago ("Plaintiff Cruz" or "Mr. Cruz") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Cruz was employed by Defendants at Noodies Thai Kitchen from approximately March 2018 until on or about June 6, 2019.

22.     Plaintiff Cruz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all relevant times, Defendants owned, operated, or controlled a Thai Restaurant, located at 830 9th Ave, New York, NY 10019 under the name "Noodies Thai Kitchen."

24.    Upon information and belief, Thong Sook Corporation (d/b/a Noodies Thai Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 830 9th Ave, New York, NY 10019.

25.    Defendant Woraphong Worachinda is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Woraphong Worachinda is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Woraphong Worachinda possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Joyze Nuttakarn is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joyze Nuttakarn is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joyze Nuttakarn possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a Thai Restaurant located in the Hell's Kitchen neighborhood of Manhattan.

28.     Individual Defendants, Woraphong Worachinda and Joyze Nuttakarn, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Cruz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cruz, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Cruz (and all similarly situated employees) and are Plaintiff Cruz's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Cruz and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Woraphong Worachinda and Joyze Nuttakarn operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiff Cruz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cruz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cruz's services.

35.    In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Cruz is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Cruz seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jaime Cruz Santiago*

39.     Plaintiff Cruz was employed by Defendants from approximately March 2018 until on or about June 6, 2019.

40.     Defendants employed Plaintiff Cruz as a dishwasher, food preparer, and ostensibly as a delivery worker.

41.     However, Plaintiff Cruz was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Cruz ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Cruz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Cruz's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Cruz regularly worked in excess of 40 hours per week.

46.     From approximately March 2018 until on or about May 2018, Plaintiff Cruz worked from approximately 11:00 a.m. until on or about 11:00 or 11:15 p.m., Wednesdays, Thursdays and Sundays and from approximately 11:00 a.m. until on or about 12:00 a.m. or 12:15 a.m., Fridays and Saturdays (typically 57 to 57.5 hours per week).

47.     From approximately May 2018 until on or about June 6, 2019, Plaintiff Cruz worked from approximately 11:00 a.m. until on or about 11:00 p.m. or 11:15 p.m., Wednesdays and Sundays, from approximately 10:30 a.m. until on or about 11:00 p.m., on Thursdays, from approximately 11:00 a.m. until on or about 12:00 a.m. or 12:15 a.m., Fridays and Saturdays, and from approximately 11:00 a.m. until on or about 6:00 p.m. or 7:00 p.m., on Mondays (typically 64.5 to 65.5 hours per week).

48.     Throughout his employment, Defendants paid Plaintiff Cruz his wages in cash.

49.     From approximately March 2018 until on or about May 2018, Defendants paid Plaintiff Cruz a fixed salary of $475 per week.

50.     From approximately May 2018 until on or about April 2019, Defendants paid Plaintiff Cruz $95 per shift for his work from Wednesdays to Sundays and $50 per shift for his work on Mondays.

51.     From approximately April 2019 until on or about June 6, 2019, Defendants paid Plaintiff Cruz $95 per shift for his work on Wednesdays to Sundays and $55 shift for his work on Mondays.

52.     Defendants granted Plaintiff Cruz a one-hour break for his work on Wednesdays through Sundays.

53.     For two days, Defendants did not pay Plaintiff Cruz any wages for his work.

54.    Plaintiff Cruz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55.    For example, Defendants regularly required Plaintiff Cruz to work an additional 15 minutes past his scheduled departure time two days per week, and did not pay him for the additional time he worked.

56.    Plaintiff Cruz was never notified by Defendants that his tips were being included as an offset for wages.

57.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cruz's wages.

58.    Defendants withheld a portion of Plaintiff Cruz's tips; specifically, Defendants withheld approximately 5% of Plaintiff's tips.

59.    In addition, in order to get paid, Plaintiff Cruz was required to sign a document in which Defendants misrepresented his pay rate.

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cruz regarding overtime and wages under the FLSA and NYLL.

61.    Defendants did not provide Plaintiff Cruz an accurate statement of wages, as required by NYLL 195(3).

62.    Defendants did not give any notice to Plaintiff Cruz, in English and in Spanish (Plaintiff Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    Defendants required Plaintiff Cruz to purchase "tools of the trade" with his own funds—including two bicycles, three vests, lights, a helmet, and a rain coat.

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cruz (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

65.     Plaintiff Cruz was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Cruz not receiving payment for all his hours worked, and resulted in Plaintiff Cruz's effective rate of pay falling below the required minimum wage rate.

67.     Defendants habitually required Plaintiff Cruz to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68.     Defendants required Plaintiff Cruz and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

69.      Plaintiff Cruz and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

70.     Plaintiff Cruz's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.      Plaintiff Cruz and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

72.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Cruz's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

73.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     In violation of federal and state law as codified above, Defendants classified Plaintiff Cruz and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.     Defendants failed to inform Plaintiff Cruz who received tips that Defendants intended to take a deduction against Plaintiff Cruz's earned wages for tip income, as required by the NYLL before any deduction may be taken.

76.     Defendants failed to inform Plaintiff Cruz who received tips, that his tips were being credited towards the payment of the minimum wage.

77.     Defendants failed to maintain a record of tips earned by Plaintiff Cruz who worked as a delivery worker for the tips he received.

78.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Cruz who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

79.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

80.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

81.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Cruz worked.

82.     Defendants required Plaintiff Cruz to sign a document that reflected inaccurate or false hours worked.

83.     Defendants paid Plaintiff Cruz his wages in cash.

84.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cruz (and similarly situated individuals) worked, and to avoid paying Plaintiff Cruz properly for his full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cruz and other similarly situated former workers.

88.    Defendants failed to provide Plaintiff Cruz and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.    Defendants failed to provide Plaintiff Cruz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.    Plaintiff Cruz brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.    At all relevant times, Plaintiff Cruz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

92.    The claims of Plaintiff Cruz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

93.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

94.    At all times relevant to this action, Defendants were Plaintiff Cruz's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cruz (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

95.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.    Defendants failed to pay Plaintiff Cruz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.    Defendants' failure to pay Plaintiff Cruz (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.      Plaintiff Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.      Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

101.      Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cruz (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.      Defendants' failure to pay Plaintiff Cruz (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.      Plaintiff Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

104.       Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

105.      At all times relevant to this action, Defendants were Plaintiff Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cruz, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

106.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cruz less than the minimum wage.

107.    Defendants' failure to pay Plaintiff Cruz the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Cruz was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

109.     Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cruz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiff Cruz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Cruz was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

113.     Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiff Cruz one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cruz's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

115.    Defendants' failure to pay Plaintiff Cruz an additional hour's pay for each day Plaintiff Cruz's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

116.    Plaintiff Cruz was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

117.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiff Cruz with a written notice, in English and in Spanish (Plaintiff Cruz's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Cruz in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

120.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

121.    With each payment of wages, Defendants failed to provide Plaintiff Cruz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

122.    Defendants are liable to Plaintiff Cruz in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

123.     Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

124.    Defendants required Plaintiff Cruz to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiff Cruz was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

126.     Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

127.    At all relevant times, Defendants were Plaintiff Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

128.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

129.    Defendants unlawfully misappropriated a portion of Plaintiff Cruz's tips that were received from customers.

130.    Defendants knowingly and intentionally retained a portion of Plaintiff Cruz's tips in violations of the NYLL and supporting Department of Labor Regulations.

131.    Plaintiff Cruz was damaged in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cruz respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cruz's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cruz and the FLSA Class members;

(f)     Awarding Plaintiff Cruz and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Cruz and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cruz;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cruz's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Cruz;

(m)    Awarding Plaintiff Cruz damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Cruz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Cruz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Cruz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Cruz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 19, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 10, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Jaime Cruz Santiago

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    10 de junio 2019

*Certified as a minority-owned business in the State of New York*