HALSBAND LAW OFFICES
David S. Halsband, Esq.
Attorneys for Defendants
Thong Sook Corporation, Worachinda, and Nuttakarn
21 Main Street, East Wing, 3d Floor
Hackensack, New Jersey 07601
T. 201.487.6249
F. 201.487.3176
Email: david@halsbandlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JAIME CRUZ SANTIAGO, *individually and on behalf*
of others similarly situated,

               Plaintiff,               1:19-cv-05747-AT

v.

THONG SOOK CORPORATION,
(D/B/A NOODIES THAI KITCHEN),
WORAPHONG WORACHINDA, and
JOYZE NUTTAKARN,

               Defendants.
---------------------------------------------------------------x

================================================================
BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
================================================================

                                HALSBAND LAW OFFICES
                                David S. Halsband, Esq.
                                Court Plaza South
                                21 Main Street, East Wing, 3rd Fl.
                                Hackensack, New Jersey 07601
                                T. (201) 487-6249
                                F. (201) 487-3176
                                Attorneys for Defendants

                                September 18, 2020

# **TABLE OF CONTENTS SECTIONS**

                                                                        **Page**

TABLE OF AUTHORITIES……………………………………………………………....... 3
PRELIMINARY STATEMENT…………………………………………………………..... 4
STATEMENT OF FACTS………………………………………………………………..... 4
ARGUMENT…………………………………………………………………………………. 6

POINT I:        SUMMARY JUDGMENT STANDARD……………………………………… 6

POINT II:       PLAINTIFF'S EFFORT TO CREATE A GENUINE
                     MATERIAL DISPUTE IS A SHAM …………………………………… 7

            A.  Sixth Claim: Notices of Pay Rate Claim Should be Dismissed…………… 8

            B.  Seventh Claim: Wage Statement Claim Should be Dismissed…………… 9

            C.  Eighth Claim: Equipment Claim Should be Dismissed……………………. 10

            D.  Ninth Claim: Unlawful Deduction Claim Should be Dismissed………… 11

            E.  First and Third Claims: Minimum Wage Claims Should be Dismissed…… 11

            F.  Second and Fourth Claims: Overtime Claims Should be Dismissed……… 13

            G.  Fifth Claim: Spread of Hours Claim Should be Dismissed……………… 14

CONCLUSION…………………………………………………………………………… 16

## TABLE OF AUTHORITIES

**Page**

**Cases**

Anderson v. Liberty Lobby, Inc.
477 U.S. 242 (1986) ………………………………………………………………………  6

D'Amico v. City of N.Y.
132 F.3d 145 (2d Cir. 1998) ……………………………………………………………  8

In re Fosamax Products Liability Litigation
707 F.3d 189 (2d Cir. 2013) ……………………………………………………………  7

Jeffreys v. City of New York
426 F.3d 549 (2d Cir. 2005) ……………………………………………………………  8

Martinez v. New 168 Supermarket LLC
2020 WL 5260579 (E.D.N.Y. 2020) …………………………………………………  13

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
475 U.S. 574 (1986) ……………………………………………………………………  8

Simcoe v . Gray
577 Fed.Appx. 38 (2d Cir. 2014) ………………………………………………………  8

**Statutes**

29 U.S.C.A. § 206………………………………………………………………………  13

12 NYCRR 142-2.1………………………………………………………………………  13

N.Y. Lab. Law § 652(1)(a)(ii) …………………………………………………………  12

## PRELIMINARY STATEMENT

There are no genuine material disputes in this case. The Defendants maintained the proper wage statements for the Plaintiff during his entire employment and provided such statements to him. The records show the Defendants paid the Plaintiff properly for minimum wage, overtime, and spread of hours. Plaintiff reviewed and affirmed the accuracy of the records and the payments each week—his alleged amnesia now is unavailing. Summary judgment is warranted.

## STATEMENT OF FACTS

The Plaintiff worked for the Defendants from February 2018 until June 2019. (**Defendants' Statement of Material Facts, paras. 5-6 ("56.1 Statement"); Complaint, annexed at Exhibit 1 to the Halsband Declaration; Declaration of Joyze Nuttakarn, paras. 4, 7, 12, 17 and annexed Exhibits A-F (Notices of Pay Rates, and 2018 and 2019 wage statements ("Nuttakarn Decl.")**).

During the Plaintiff's entire employment, on a weekly basis, the Defendants maintained the required payroll records for the Plaintiff and gave him the Notices and Acknowledgment of Pay Rate under Section 195.1 of the New York State Labor Law, in English and Spanish, at the beginning of his employment and when his hourly rate changed for 2019. (**Nuttakarn Decl., paras. 7-11 and Exhibits A-F, Notices of Pay Rates and 2018 and 2019 wage statements; 56.1 Statement, paras. 5-13, 14-16**).

Moreover, the Defendants issued the Plaintiff weekly earning statements showing his rate of pay, hours worked, amount paid, date paid, and pay period. (**Nuttakarn Decl., paras.**

**12-32 and Exhibits A-F, Notices of Pay Rates and 2018 and 2019 wage statements; 56.1 Statement, paras. 5-13, 14-16).**

The Defendants' records establish the following:

1. At the start of the Plaintiff's employment, Defendants gave him two Notices and Acknowledgement of Pay Rate Under Section 195.1 of the New York State Labor Law dated February 6 and 12, 2018, showing the Plaintiff's pay was $12 per hour and $18 per hour for overtime. Plaintiff signed these documents. The documents are in Spanish and English. (**Nuttakarn Decl., para. 1 and Exhibits A and B; 56.1 Statement, paras. 5-7).**

2. At the end of 2018, the Defendants gave the Plaintiff a Notice and Acknowledgement of Pay Rate Under Section 195.1 of the New York State Labor Law dated December 31, 2018, showing the Plaintiff's pay was $13.50 per hour and $20.25 per hour for overtime. Plaintiff signed this document. The document is in Spanish and English. (**Nuttakarn Decl., para. 9 and Exhibit C; 56.1 Statement, paras. 8-10).**

3. On January 7, 2019, Defendants gave the Plaintiff another Notice and Acknowledgement of Pay Rate Under Section 195.1 of the New York State Labor Law dated January 7, 2019, showing the Plaintiff's pay was $11.25 per hour, with a tip credit of $2.25 per hour, and $18 per hour for overtime. Plaintiff signed this document. The document is in Spanish and English. (**Nuttakarn Decl., para. 10 and Exhibit D; 56.1 Statement, paras. 11-13 ).**

4. Defendants maintained weekly earning statements for the Plaintiff, which show the hours worked by the Plaintiff, his hourly and overtime rates, his spread of

hours pay, the total amount paid, and the pay period for which he was paid. The Plaintiff signed and acknowledged the truth of the information. Defendants produced such documents for each pay period for the Plaintiff. (**Nuttakarn Decl., paras. 12-32 and Exhibits E and F; 56.1 Statement, paras. 15-16).**

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT STANDARD

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original).

The Defendants' motion is properly supported with contemporaneous weekly wage statements and notices of hourly rates, and most important perhaps, the Plaintiff's own repeated affirmations of their accuracy. Thus, no reasonable person would give any credit to the Plaintiff's post-employment, litigation-generated, entirely uncorroborated, current statement about his pay. Plaintiff's repeated and consistent affirmations of the accuracy of his pay and the wage statements during his employment are controlling. Thus, summary judgment is appropriate.

## POINT II

### PLAINTIFF'S EFFORT TO CREATE A GENUINE MATERIAL DISPUTE IS A SHAM

The Defendants' records are complete for the Plaintiff's entire employment and show they did not violate the FLSA or the New York Labor Law. The Plaintiff affirmed the truth of these records every week during his employment. (**Nuttakarn Decl., Exhibits E and F, 2018 and 2019 wage statements with Plaintiff's certifications of accuracy**).

The Plaintiff apparently will now offer a self-serving statement that he did not get paid the amounts in the wage statements but lesser amounts. That statement now is insufficient to overcome (**a**) the Defendants' payroll records; *and* (**b**) *Plaintiff's own contemporaneous written affirmations that such records were accurate.* The documents include the Plaintiff's affirmations that the payroll information was "true and accurate." (**Nuttakarn Decl., Exhibits E and F, 2018 and 2019 wage statements with Plaintiff's certifications of accuracy**).

Plaintiff now disputes himself. He disputes *his own* written affirmations that the Defendants' written weekly payroll records were accurate. Plaintiff made these affirmations 45 times in 2018 and 22 times in 2019. His current—and very convenient—statement is insufficient as a matter of law to create a genuine dispute for trial. This is a classic example of the Plaintiff trying to create a genuine issue of fact through sham evidence. In re Fosamax Products Liability Litigation, 707 F.3d 189, 195 (2d Cir. 2013).

The Second Circuit allows a district court to determine whether a plaintiff's "evidence" is sufficient to defeat summary judgment:

> However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. 2505 (emphasis added). To defeat summary judgment, therefore, nonmoving

7

> parties "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), . . . At the summary judgment stage, a nonmoving party "must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir.1998).

Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005).

The key but often overlooked element of summary judgment is that a "rational" trier of fact must be able to find for the Plaintiff. Simcoe v . Gray, 577 Fed.Appx. 38, 41 (2d Cir. 2014).

There is no reason to believe the Plaintiff now versus the Plaintiff of 2018 and 2019. Indeed, the Plaintiff of 2018 and 2019 asserted the payroll records were accurate 67 times. (**Nuttakarn Decl., Exhibits E and F, 2018 and 2019 wage statements with Plaintiff's certifications of accuracy**). His effort to create a dispute—with himself—is neither genuine, material, nor rational.

A. <u>Sixth Claim: Notices of Pay Rate Claim Should be Dismissed</u>

Plaintiff alleges he worked for the Defendants from March 2018 to June 6, 2019. (**Complaint, para. 21**). The Sixth Cause of Action in the Complaint alleges that the Defendants failed to give the Plaintiff a written notice in English and Spanish of his pay rate and other information as required by New York Labor Law Section 195(1). (**Complaint, para. 118**).

Defendants gave the Plaintiff Notices of Pay Rate in English and Spanish when he began his employment. (**Declaration of Joyze Nuttakarn, para. 7; Exhibits A and B, Notices of Pay Rate, dated February 6, 2018, and February 12, 2018**). The Plaintiff signed the Notices dated February 6 and 12, 2018. (**Nuttakarn Decl., para. 7; Notices of Pay Rate,**

8

**dated February 6 and 12, 2018).**  The Notices dated February 6 and 12, 2018, contain all of the required information under the New York Labor Law Section 195.1. (**Notices of Pay Rate dated February 6 and 12, 2018).**

Defendants gave the Plaintiff another Notice of Pay Rate on December 31, 2018, in English and Spanish, reflecting his new pay at that time.  (**Nuttakarn Decl., para. 7; Exhibit C, Notice of Pay Rate, dated December 31, 2018**).  Plaintiff signed the Notice dated December 31, 2018.  (**Nuttakarn Decl., para. 8; Notice of Pay Rate, dated December 31, 2018**).  The Notice dated December 31, 2018, contains all of the required information under the New York Labor Law Section 195.1.  (**Notice of Pay Rate dated December 31, 2018**).

Defendants gave the Plaintiff another Notice of Pay Rate on January 7, 2019, in English and Spanish, reflecting his new pay at that time.  (**Nuttakarn Decl., para. 11; Exhibit D, Notice of Pay Rate, dated January 7, 2019**).  Plaintiff signed the Notice dated January 7, 2019.  (**Notice of Pay Rate dated January 7, 2019**).  The Notice dated January 7, 2019 contains all of the required information under the New York Labor Law Section 195.1.  (**Notice of Pay Rate dated January 7, 2019**).

The Sixth Claim should be dismissed.

    **B.  <u>Seventh Claim: Wage Statement Claim Should be Dismissed</u>**

The Seventh Cause of Action in the Complaint alleges that the Defendants failed to provide the Plaintiff with a wage statement.  (**Complaint, paras. 120-122**).

For each pay period that the Plaintiff worked for the Defendants, the Defendants furnished him wage statements showing his regular rate of pay, overtime pay, spread of hours pay, the number of hours worked, the pay period, and the total amount of his pay as well as

other information.  (**Nuttakarn Declaration, Exhibit E, Wage Statements 2018; Exhibit F, Wage Statements 2019**).

The Defendants furnished the Plaintiff the wage statements by showing them to him, asking him to sign, and offering to give him a copy; sometimes the Plaintiff took the copies and sometimes he left them on the table and did not take them.  (**Nuttakarn Declaration, para. 25**).

The Seventh Claim should be dismissed.

### C. Eighth Claim: Equipment Claim Should be Dismissed

The Eighth Cause of Action in the Complaint alleges that the Plaintiff should recover costs for purchasing equipment and maintaining tools of the trade.  (**Complaint, paras. 123-125**).

Defendants' Interrogatory Number 6 asked the Plaintiff to state, describe and calculate each item of damage and produce any supporting documentation.  (**Exhibit 3, Plaintiff's Answers to Interrogatories, Number 6**). Plaintiff responded to Defendants' Interrogatory Number 6 by stating that he has damages for "having to purchase tools of the trade." (**Plaintiff's Answers to Interrogatories, Number 6**).  Plaintiff did not identify any facts as to what the alleged tools were or their alleged cost. (**Plaintiff's Answers to Interrogatories, Number 6**).

Defendants' document requests asked the Plaintiff to produce documents about his allegations and damages alleged in the Complaint.  (**Exhibit 4, Plaintiff's Answers to Document Requests, Nos. 1, 7, 17, 23**).  Plaintiff's responses to the Defendants' document requests stated that he has no documents about his allegations or damages.  (**Exhibit 4, Plaintiff's Answers to Document Requests, Nos. 1, 7, 17, 23**).  Moreover, Plaintiff admitted

he has no other documents that he intends to submit as evidence in support of his claims and damages.  (**Plaintiff's Answers to Document Requests, Nos. 35 and 41).**

By contrast to Plaintiff's lack of material facts, Defendants did not require the Plaintiff to purchase any tools of the trade or equipment for his employment.  (**Nuttakarn Decl., para. 33; 56.1 Statement, paras. 17-23**).

Accordingly, the Eighth claim should be dismissed.

### D. Ninth Claim: Unlawful Deduction Claim Should be Dismissed

The Ninth Cause of Action in the Complaint alleges that the Defendants took unlawful deductions from the Plaintiff's tips.  (**Complaint, paras. 126-131**).

Defendants' Interrogatory Number 6 asked the Plaintiff to state, describe and calculate each item of damage and produce any supporting documentation.  (**Plaintiff's Answers to Interrogatories, Number 6**).  Plaintiff did not identify misappropriated tips even as a category of damages.  (**Plaintiff's Answers to Interrogatories, Number 6**).

In Plaintiff's answers to document requests, Plaintiff stated that he has no documents about his allegations or damages.  (**Plaintiff's Answers to Document Requests, Nos. 1, 7, 17, 23).**  Moreover, Plaintiff admitted he has no other documents that he intends to submit as evidence in support of his claims and damages.  (**Plaintiff's Answers to Document Requests, Nos. 35 and 41).**

Accordingly, the Ninth claim should be dismissed.

### E. First and Third Claims: Minimum Wage Claims Should be Dismissed

The First Cause of Action in the Complaint alleges a violation of the minimum wage of the FLSA.  (**Complaint, paras. 93-99**).  The Third Cause of Action in the Complaint alleges

11

a violation of the minimum wage under the New York Labor Law.  (**Complaint, paras. 104-108**).

## 2018

The wage statements maintained by the Defendants for the Plaintiff show that he was paid the minimum wage of $12.00 per hour for 2018.  (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).  Plaintiff signed an Employee Acknowledgment for each pay period. (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).  The Employee Acknowledgments that the Plaintiff signed stated, "I affirm that the time entries stated above are true and accurate."  (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).  For 2018, Plaintiff signed the Employee Acknowledgment 45 times.  (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).

The minimum wage for 2018 was $12.00 per hour under the New York Labor Law and $ 7.25 per hour under the FLSA.  12 NYCRR 142-2.1; 29 U.S.C.A. § 206.  Defendants never employed more than 10 employees.  (**Nuttakarn Decl., para. 6**).

## 2019

The wage statements maintained by the Defendants for the Plaintiff show that he was paid $13.68 per hour for the first pay period of 2019 and then the tip credit minimum wage of $11.25 per hour for the rest of 2019.  (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).  Plaintiff signed an Employee Acknowledgment for each pay period. (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).  The Employee Acknowledgments that the Plaintiff signed stated, "I affirm that the time entries stated above are true and accurate."  (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).  For

2019, Plaintiff signed the Employee Acknowledgment 22 times. (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements).**

The minimum wage for 2019 was $13.50 per hour under the New York Labor Law and $7.25 per hour under the FLSA. N.Y. Lab. Law § 652(1)(a)(ii); 29 U.S.C.A. § 206. Defendants never employed more than 10 employees. (**Nuttakarn Decl., para. 6).**

Thus, the First and Third claims should be dismissed.

F. **Second and Fourth Claims: Overtime Claims Should be Dismissed**

The Second Cause of Action in the Complaint alleges a violation of the overtime provisions of the FLSA. (**Complaint, paras 100-103).** The Fourth Cause of Action in the Complaint alleges a violation of the provisions of the New York Labor Law. (**Complaint, paras. 109-112).**

## 2018

The wage statements maintained by the Defendants for the Plaintiff show that he was paid the overtime rate of $18.00 per hour for 2018. (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements).** Plaintiff signed an Employee Acknowledgment for each pay period. (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements).** The Employee Acknowledgments that the Plaintiff signed stated, "I affirm that the time entries stated above are true and accurate." (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements).** For 2018, Plaintiff signed the Employee Acknowledgment 45 times. (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements).**

The overtime rate for 2018 was $18.00 per hour under the New York Labor Law. See Martinez v. New 168 Supermarket LLC, 2020 WL 5260579 *5 (E.D.N.Y. 2020).

**2019**

The wage statements maintained by the Defendants for the Plaintiff show that he was paid the overtime rate of $20.22 per hour for the first pay period of 2019 and then the tip credit overtime rate of $18.00 ($17.99, $18.01, $17.67 on some occasions) per hour for the rest of 2019.  (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).  Plaintiff signed an Employee Acknowledgment for each pay period.  (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).  The Employee Acknowledgments that the Plaintiff signed stated, "I affirm that the time entries stated above are true and accurate."  (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).  For 2019, Plaintiff signed the Employee Acknowledgment 22 times.  (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).

The overtime rate for 2019 was $20.22 per hour under the New York Labor Law.  See Martinez v. New 168 Supermarket LLC, 2020 WL 5260579 *5 (E.D.N.Y. 2020).

Thus, the Second and Fourth claims should be dismissed.

G. **Fifth Claim: Spread of Hours Claim Should be Dismissed**

The Fifth Cause of Action in the Complaint alleges a violation of spread of hours provisions of the Wage Order of the New York Commissioner of Labor.  (**Complaint, paras. 113-116**).

**2018**

The wage statements maintained by the Defendants for the Plaintiff show that he was paid spread of hours at the rate of $12.00 per hour for 2018.  (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).  Plaintiff signed an Employee Acknowledgment for each pay period.  (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).  The Employee Acknowledgments that the Plaintiff signed stated, "I affirm that the time entries stated above

14

are true and accurate." (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**). For 2018, Plaintiff signed the Employee Acknowledgment 45 times. (**Nuttakarn Declaration, Exhibit E, 2018 Wage Statements**).

## **2019**

The wage statements maintained by the Defendants for the Plaintiff show that he was paid spread of hours at the rate of $13.50 per hour for the first pay period of 2019. (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**). The wage statements maintained by the Defendants for the Plaintiff show that he was paid spread of hours at the rate of $11.25 per hour for the rest of 2019. (**Nuttakarn Declaration, Exhibit F, 2019 Wage Statements**).

Plaintiff should have been paid $13.50 per hour for the spread of hours during the rest of 2019. (**Nuttakarn Declaration, paras. 29-31**). The underpayment was $148.50. (**Nuttakarn Declaration, paras. 29-31**). The underpayment was a mistake. (**Nuttakarn Declaration, paras. 29-31**). Defendants have since paid the Plaintiff the $148.50. (**Nuttakarn Declaration, paras. 29-31; Exhibit G, Check to Plaintiff**).

Thus, the Fifth claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Complaint and all claims therein be dismissed with prejudice against all Defendants and for such other and further relief as this Court deems just and proper.

Dated: September 18, 2020
      Hackensack, New Jersey

Respectfully submitted,

**HALSBAND LAW OFFICES**

By:    s/ David S. Halsband
       David S. Halsband, Esq.
       Attorneys for Defendants
       Court Plaza South
       21 Main Street, East Wing, Third Floor
       Hackensack, New Jersey 07601
       T. (201) 487-6249
       F. (201) 487-3176
       E. david@halsbandlaw.com