UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIE CRUZ SANTIAGO, individually
and on behalf of others similarly situated,

                          Plaintiff,

              -against-

THONG SOOK CORPORATION
(D/B/A NOODIES THAI KITCHEN),
WORAPHONG WORACHINDA, and
JOYZE NUTTAKARN,

                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/5/2021
```

19 Civ. 5747 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Jamie Cruz Santiago, brings this action against Defendants Thong Sook

Corporation (d/b/a Noodies Thai Kitchen) ("Noodies"), Woraphong Worachinda, and Joyze

Nuttakarn, alleging minimum wage and unpaid overtime violations, and seeking reimbursement of

equipment costs under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*., and the

New York Labor Law (the "NYLL"), § 190 *et seq*.  Plaintiff also alleges violations of the spread of

hour rule, notice requirements, wage statement requirements, and unlawful deductions of tips under

the NYLL.  Compl., ECF No. 1.  Defendants moves for summary judgment under Federal Rule of

Civil Procedure 56.  Def. Mot., ECF No. 51.  For the reasons stated below, Defendants' motion is

DENIED.

## BACKGROUND

The parties dispute many of the facts giving rise to this action.  The Court has drawn all

reasonable inferences in favor of Plaintiff as the nonmovant.  *See Costello v. City of Burlington*,

632 F.3d 41, 45 (2d Cir. 2011).[1]

---

[1] The following facts are drawn from the parties' pleadings and submissions, including the complaint, the Rule 56.1
statement of undisputed facts, and Plaintiff's response.  Citations to a paragraph in the Rule 56.1 statement also includes
Plaintiff's response.

Plaintiff worked for Defendants from approximately March 2018 to June 2019.  56.1 Stmt. ¶ 3, ECF No. 59.  Plaintiff states that he was hired as a delivery worker, but spent well over twenty percent of his day performing other duties, such as washing dishes, preparing food, and cleaning. Cruz Santiago Decl. ¶ 20, ECF No. 58.  From about March through May 2018, he worked approximately 12-hour shifts three days per week, and 13-hour shifts twice per week, totaling 57 to 57.5 hours per week.  *Id*. ¶ 8.  During this time, Plaintiff received a fixed salary of $475 a week. *Id*. ¶ 11.  Sometime after May 2018 through June 6, 2019, he worked roughly 7- or 8-hour shifts on Mondays, 12-hour shifts on Wednesdays and Sundays, 12.5-hour shifts on Thursdays, and 13-hour shifts on Fridays and Sundays, totaling 64.5 to 65.5 hours per week.  *Id*. ¶ 9.  Between May 2018 and April 2019, Plaintiff received $50 per shift for work on Mondays, and $95 per shift for work on the remaining days.  *Id*. ¶ 12.  He states that his wage remained the same until the end of his employment in June 2019, except that after April 2019, he received $55 per shift for work on Mondays.  *Id*. ¶ 13.  Plaintiff claims that he was paid in cash for the duration of his employment. *Id*. ¶ 10.  He received a one-hour break when working Wednesday through Sunday.  *Id*. ¶ 14. Moreover, Plaintiff states that he was not told that Defendants withheld five percent of his tips, nor that his tips would offset his wages.  *Id*. ¶¶ 17–18.  He also claims that, to carry out his duties, he was required to purchase two bicycles, three vests, lights, a helmet, and a raincoat, but was not reimbursed for these expenditures.  *Id*. ¶ 23.  Plaintiff does not recognize the employment records proffered by Defendants, but he recalls that Defendants "insisted" he sign papers quickly, without being given enough time to read them.  *Id*. ¶¶ 4–7.  He contends that, in any event, Defendants' records do not accurately reflect the amount of money he was paid or the hours he worked.  *Id*. ¶ 6.

By contrast, Defendant Joyze Nuttakarn, the manager of Noodies, attests that in 2018, she paid Plaintiff a regular hourly rate of $12.00, an overtime time rate of $18.00 per hour for each hour above 40 hours, and spread of hours pay at his regular rate of $12.00.  Nuttakarn Decl. ¶¶ 4,

2

12–16, ECF No. 55.  Between January 1 and 6, 2019, she paid Plaintiff a regular hourly rate of

$13.68, a spread of hours rate of $13.50, and an overtime rate of $20.22 per hour.  *Id*. ¶¶ 19–20.

Beginning January 7, 2019, she paid Plaintiff a regular rate of $11.25 per hour, deducting a tip

credit of $2.25 per hour, an overtime hourly rate of $18.00, deducting a tip credit of $2.25 per hour,

and a spread of hours rate of $11.25 per hour.  *Id*. ¶¶ 22–24.

Nuttakarn concedes that she miscalculated Plaintiff's spread of hours rate in 2019, which

should have been $13.50, rather than $11.25.  *Id*. ¶¶ 29–31.  Defendants sent Plaintiff a check for

$148.50 to account for that shortfall.  *Id*. ¶ 31.  In addition, Nuttakarn acknowledges that, in 2018,

she "miscalculated and underpaid" Plaintiff by 60 hours.  *Id*. ¶ 32.  Accordingly, Defendants sent

Plaintiff another check for $1,080.  *Id*.  She states that she gave Plaintiff his notices of pay rate and

witnessed him sign them.  *Id*. ¶¶ 7–10.  She agrees that she paid Plaintiff's wages in cash.  *Id*.

¶¶ 11, 13, 18.  She disputes, however, that Plaintiff was required to purchase any equipment for his

job, or that Defendants withheld any of his tips.  *Id*. ¶¶ 22, 33.

## DISCUSSION

I.    Legal Standard

Summary judgment is appropriate when the record shows that there is no genuine dispute as

to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*,

477 U.S. 317, 322–26 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

"The moving party bears the burden of demonstrating the absence of a material factual

question, and in making this determination, the court must view all facts in the light most favorable to

the non-moving party."  *Connecticut Ironworkers Employers Ass'n, Inc. v. New England Reg'l*

*Council of Carpenters*, 869 F.3d 92, 98–99 (2d Cir. 2017); *see also* Fed. R. Civ. P. 56(c)(1).  If the

nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact.  *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co*., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact.  *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105.  Where the party opposing summary judgment "fails to properly address [the moving] party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

II.    <u>Minimum Wage and Overtime Compensation</u>

Plaintiff brings claims against Defendants for violation of the minimum wage and overtime pay provisions of the FLSA and the NYLL.  The FLSA requires employers to pay all employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week.  29 U.S.C. §§ 206–07.  The NYLL has the same requirements, except that it specifies a higher wage rate than the federal minimum wage.  *See* NYLL § 652; 12 N.Y.C.R.R. § 142-2.2.  An employee cannot waive his right to the minimum wage and overtime pay because waiver "would nullify the purposes of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas–Best Freight Sys., Inc*., 450 U.S. 728, 740, (1981) (quotation marks omitted). To establish liability under the FLSA on a claim for unpaid minimum wages and unpaid overtime compensation, a plaintiff must prove that he performed work for which he was not properly paid, and that the employer had actual or constructive knowledge of that work.  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).  Defendants contend that no genuine issue of material fact exists because there is no evidence that Plaintiff worked uncompensated hours.  The Court disagrees.

A. Uncompensated Hours

To prevail on an unpaid minimum wage or unpaid overtime compensation claim, Plaintiff has the burden of proving that "[he] performed work for which [he] was not properly compensated." *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687–88 (1946); *Jiao v. Shi Ya Chen*, No. 03 Civ. 165, 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007).  However, under the statute it is the employer's responsibility to "make, keep, and preserve" records of employee wages and conditions of employment.  29 U.S.C. § 211(c); *see also* 29 C.F.R. § 516.2.  At the summary judgment stage, where an employer keeps "inaccurate or inadequate" records, an employee need only present "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.  Once Plaintiff has met his burden, the burden then shifts to the employer, who must present either "evidence of the precise amount of work performed or . . . evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88.  The NYLL imposes a similar standard, except that where an employer fails "to keep adequate records, . . . the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits, and wage supplements."  NYLL § 196-a.

Thus, the first step is for the Court to "determine whether Defendants have failed to keep accurate or adequate records." *McGlone v. Contract Callers, Inc*., 49 F. Supp. 3d 364, 371 (S.D.N.Y. 2014) (alteration omitted).  "'In wages and hours cases in which payroll and time records are kept, the accuracy and adequacy of the records can be determined in a variety of ways,' including documentary evidence and testimony of witnesses." *Id.* (citing *Agudelo v. E&D LLC*, No. 12 Civ. 960, 2012 WL 6183677, at *2 n.1 (S.D.N.Y. Dec. 11, 2012)).

Defendants contend that they kept payroll and time records throughout Plaintiff's employment.  Def. Mem. at 11–12, ECF No. 52.  To support this assertion, Defendants have furnished, among other things, wage statements and notices of pay signed by Plaintiff.  *See* ECF Nos.

5

55-1–55-11.  Defendants have submitted weekly wage records including the following language: "I affirm that the time entries above are true and accurate," along with the date, and Plaintiff's signature. *Id.*  Nuttakarn concedes, however, that Plaintiff's spread of hours rate in 2019 was inaccurate. Nuttakarn Decl. ¶¶ 29–31.  In addition, Nuttakarn attests that through a "miscalculation" 60 hours were "missing" between February 12, 2018, and May 17, 2019, from Defendants' payroll records.  *Id.* ¶ 32.  On the other hand, Plaintiff has provided a sworn declaration stating that Defendants' records are inaccurate, and that Defendants insisted that he sign them quickly without affording him adequate time to read them.  Cruz Santiago Decl. ¶¶ 4–7.  This evidence is sufficient to raise a genuine issue of material fact as to whether Defendants' records are accurate.

"[D]istrict courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage," as the "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."  *Jeffreys v. City of New York*, 426 F.3d 549, 551, 553 (2d Cir. 2005); *Lawtone-Bowles v. City of New York*, 2020 WL 2833366, at *4 (S.D.N.Y. June 1, 2020); *Aponte v. Mod. Furniture Mfg. Co., LLC*, No. 14 Civ. 4813, 2016 WL 5372799, at *13 (E.D.N.Y. Sept. 26, 2016) ("[T]he [p]laintiffs have offered credible testimony that [the defendants'] time records are not accurate because the [d]efendants had a practice of not recording overtime hours . . .  [T]he fact that the time sheets do not show that the [p]laintiffs worked overtime only serves to highlight what the Court finds to be a classic question of fact for the jury to decide.").  Thus, Plaintiff's statements that the hours he worked and the pay he received are not accurately reflected in Defendants' records, combined with his claim that he signed documents under duress, and Defendants' admission that the records were not accurate on some occasions, entitle Plaintiff to "the benefit of *Anderson*'s 'just and reasonable inference' standard."  *Kuebel*, 643 F.3d at 363.

Under the *Anderson* framework, the "just and reasonable" burden is not high, and "it is possible for a plaintiff to meet this burden through estimates based on his own recollection." *Id.* at 362.  Plaintiff's declaration estimates that, between March and May 2018, he worked between 57 and 57.5 hours per week and was paid a fixed salary of $475; between May 2018 and April 2019, he worked between 64.5 and 65.5 hours per week and received $95 per shift for work on Wednesdays through Sundays, and $50 per shift for work on Mondays; and between April and June 2019, he worked between 64.5 and 65.5 hours per week and received $95 per shift for work on Wednesdays through Sundays, and $55 per shift for work on Mondays.  Cruz Santiago Decl. ¶¶ 8–13.  From this evidence, a reasonable jury could conclude that Plaintiff has "shown the amount and extent of [his] work as a matter of just and reasonable inference."  *Anderson*, 328 U.S. at 687; *Tarax Tarax v. Blossom West Inc.*, 2021 WL 1226954, at *3 (S.D.N.Y. Mar. 31, 2021).

The Court rejects Defendants' argument that Plaintiff's declaration should be disregarded pursuant to *Jeffreys v. City of New York*, in which the Second Circuit found that a district court appropriately granted defendants' motion for summary judgment where "[plaintiff's] testimony was 'so replete with inconsistencies and improbabilities' that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations" made by plaintiff.  426 F.3d 549, 551 (2d Cir. 2005).  Although Plaintiff's testimony is not supported by other direct evidence, is it not inconsistent.  Nor does the Court believe that it would be "impossible" for a reasonable jury to find in his favor.  *Frost v. New York City Police Dep't*, 980 F.3d 231, 245 (2d Cir. 2020).

Accordingly, the Court concludes that genuine issues of material fact preclude summary judgment on the issue of whether Plaintiff performed work for which he was not properly compensated.

B. Actual or Constructive Knowledge

Plaintiff must also show that Defendants "had actual or constructive knowledge that he was performing uncompensated work." *Kuebel*, 643 F.3d at 365.  The parties agree that Defendants' records demonstrate that Plaintiff worked in excess of forty hours per week, and Defendants concede that Plaintiff was, in fact, uncompensated or undercompensated for at least some of those hours.  *See* ECF Nos. 55-1–55-11; Nuttakarn Decl. ¶¶ 31–32.  Plaintiff states that Defendants did not pay him for some days of work, that he was paid in cash, and that his pay did not reflect the hours he worked each shift.  Cruz Santiago Decl. ¶¶ 4–7, 10, 16.  Taking this evidence together, a reasonable juror could conclude that Defendants had actual or constructive knowledge that Plaintiff was not being appropriately paid.  Accordingly, genuine disputes of material fact regarding whether Defendants had actual or constructive knowledge preclude summary judgment on this point.

Because Defendants have failed to show that they are entitled to summary judgment on Plaintiff's unpaid minimum wage and overtime compensation claim under the FLSA, they are necessarily not entitled to summary judgment under the NYLL's more demanding standard.  *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. Dec. 5, 2005).

Accordingly, Defendants' motion for summary judgment on Plaintiffs unpaid minimum wage and overtime compensation under the FLSA and the NYLL is DENIED.

III.    Spread of Hours

Under the NYLL, an employee is entitled to an additional hour of pay at the minimum hourly rate "[o]n each day on which the spread of hours exceeds [ten]."  12 N.Y.C.R.R. § 146–1.6(a).  The term "spread of hours" is defined as "the length of the interval between the beginning and end of an employee's workday. . . . includ[ing] working time plus time off for meals plus intervals off duty."  *Id.*  A limitation upon a plaintiff's eligibility to recover for spread-of-hours is that the plaintiff cannot earn more than the minimum wage.  *See Guadalupe v. Tri-State Emp., Mgmt. & Consulting,*

*Inc.*, No. 10 Civ. 3840, 2013 WL 4547242, at *12–13 (E.D.N.Y. Aug. 28, 2013).  Defendants argue that summary judgment is warranted because they paid Plaintiff the appropriate spread of hours rate. Def. Mem. at 14–15.  The Court disagrees.

Here, Plaintiff contends that he worked in excess of ten hours throughout the duration of his employment at Noodies, yet he never received spread of hours pay.  Cruz Santiago Decl. ¶¶ 8–9, 17. As the Court has already determined, there is a genuine dispute of material fact as to how many hours Plaintiff worked.  *See supra* Part II.  Defendants also acknowledge that they at least failed to adequately compensate Plaintiff for spread of hours pay in 2019.  Nuttakarn Decl. ¶¶ 29–31.  Thus, Plaintiff has adduced sufficient evidence to create a triable issue of fact as to whether Defendants failed to compensate under the spread of hours rule.

Accordingly, Defendants' motion for summary judgment is DENIED.

IV.   Notice of Pay Rate and Wage Statement Claims

Plaintiff brings claims against Defendants under the NYLL for their failure to provide notice of pay rates, wage statements, and deduction claims.  The NYLL's notice provision requires that employers provide their employees with the following information: (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any "doing business as" names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary.  NYLL § 195(1)(a).  Employers must provide this notice "in English and in the language identified by each employee as the primary language of such employee."  *Id.*  The NYLL's wage statement provision requires that employers furnish employees with a statement listing "the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."  NYLL § 195(3).  Defendants argue that they are entitled to summary judgement because Plaintiff has not adduced sufficient evidence to succeed on these claims. Def. Mem. at 8–10, 11.  The Court disagrees.

Here, Defendants again rely on their records, including notice of pay and wage statements. 56.1 Stmt. ¶ 35; *see* ECF Nos. 55-1–55-11.  Courts in this district have held that the furnishing of accurate information is the NYLL's legislative objective.  *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 467–69 (E.D.N.Y. 2015).  Plaintiff declares that these records are not accurate.  Cruz Decl. ¶ 6.  Because, as the Court has already determined, there is a genuine dispute of material fact as to the accuracy of these records, summary judgment is not appropriate on these claims.  *See, e.g.*, *Pierre v. Hajar, Inc.*, 2018 WL 2393158, at *6 (E.D.N.Y. Mar. 28, 2018).

Accordingly, Defendants' motion for summary judgment on Plaintiff's notice of pay and wage statement violations under the NYLL is DENIED.

## V.   Unlawful Deduction of Tips

Plaintiff brings a claim against Defendants under the NYLL for the unlawful deduction of tips.  New York law "permit an employer to pay a tipped [employee] a cash wage that is lower than the statutory minimum wage, provided that . . . the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage."  *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 465 (S.D.N.Y. 2015).  This is known as a "tip credit."  The NYLL allows an employer to take a tip credit for tipped employees "if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit."  *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 501 (S.D.N.Y. 2017) (alteration omitted); *see also* 12 N.Y.C.R.R. § 146-1.3.  This notice must be in writing.  *Id*.  Under New York law, if a tipped employee performs non-tipped work "(a) for two

10

hours or more, or (b) for more than 20 percent of his or her shift, whichever is less, the wages of the employee shall be subject to no tip credit for that day."  12 N.Y.C.R.R. § 146-2.9.  Defendants argue that Plaintiff has failed to adduce sufficient evidence to raise a triable issue of fact on this cause of action.  The Court disagrees.

Plaintiff claims, and Defendants do not dispute, that he spent over 20 percent of the workday performing duties other than deliveries, such as washing dishes, preparing food, and cleaning.  Cruz Santiago Decl. ¶ 20.  He also states that Defendants withheld approximately 5 percent of his tips, and never informed him that tips would offset his wages.  *Id*. ¶¶ 18–19.  Defendants, on the other hand, contend that Plaintiff kept all his tips.  Nuttakarn ¶ 34.  A reasonable juror crediting Plaintiff's testimony could conclude that Defendants unlawfully deducted Plaintiff's tips.

Accordingly, Defendants are not entitled to summary judgment on Plaintiff's unlawful deduction claims under the NYLL.

VI.   Recovery of Equipment

Defendants move for summary judgment on Plaintiff's claim for reimbursement of equipment costs.  Pursuant to the FLSA and the NYLL, "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]."  29 C.F.R. § 531.35; *see also* 12 N.Y.C.R.R. § 146–2.7(c) ("If an employee must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage.").

Plaintiff contends that over the course of his employment, he was required to purchase "tools of the trade," including "two bicycles, three vests, lights, a helmet, and a raincoat," from his own money.  Cruz Santiago Decl. ¶ 23.  He states that he was not reimbursed by Defendants for those

expenses. *Id*. Defendants claim they did not make Plaintiff buy any equipment. Nuttakarn Decl. ¶ 33. This contradictory evidence is sufficient to raise a triable issue of fact concerning whether Plaintiff purchased these items and was not properly reimbursed by Defendants.

Accordingly, Defendants' motion for summary judgment on Plaintiff's claim for recovery of equipment costs under the FLSA and the NYLL is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 51.

SO ORDERED.

Dated: August 5, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge