```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JAIME CRUZ SANTIAGO, individually and on behalf of others similarly situated,

                              Plaintiff,

-against-

THONG SOOK CORPORATION (D/B/A NOODIES THAI KITCHEN), WORAPHONG WORACHINDA, and JOYZE NUTTAKARN,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/6/2022_____
```

19 Civ. 5747 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On March 22, 2022, Plaintiff's counsel, Jarret Bodo and Catalina Sojo, of CSM Legal, P.C., filed a letter motion seeking to withdraw as counsel of record pursuant to Local Civil Rule 1.4, citing its ongoing inability to contact Plaintiff Jaime Cruz Santiago. ECF No. 71. To date, no party has filed any opposition to this request. On March 31, 2022, Plaintiff's counsel submitted a second request for withdrawal, accompanied by the affidavit of Jarret Bodo, with further details of his firm's attempts to contact Plaintiff. Bodo Aff., ECF No. 73. For the reasons set forth below, the motion is GRANTED.

      A court may grant counsel of record leave to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar . . . ." Local Civ. R. 1.4. Courts must analyze two factors in determining such a motion: first, the reasons for withdrawal, and second, the impact of the withdrawal on the timing of the proceeding. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10 Civ. 1676, 2011 WL 2899192, at *2 (S.D.N.Y. July 6, 2011).

      With respect to the first factor, Plaintiff's counsel asserts that they have attempted to contact Plaintiff on numerous occasions and through various means in order to discuss the case, including via phone, mail, text, and through his emergency contacts and "known personal affiliations." Bodo Aff. ¶ 4. On February 7, 2022, counsel sent Plaintiff a letter informing him that they would be forced to withdraw from its representation of Plaintiff if he failed to respond. *Id.* ¶ 5. The letter was returned as undeliverable, and no forwarding address was identified. ECF No. 73-1. Plaintiff's counsel also hired an investigative company to locate Plaintiff's current address and contact information, but these efforts were also unsuccessful. Bodo Aff. ¶ 7. Finally, Plaintiff's counsel served the motion to withdraw on Plaintiff's last known address. ECF No. 73-1. To date, Plaintiff has not responded to any of these inquiries from counsel. Given counsel's extensive efforts to communicate with Plaintiff, to no avail, the Court is persuaded that withdrawal is justified. *See Naguib v. Public Health Sols.*, No. 12 Civ. 2561, 2014 WL 2002824, at *1–3 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel where client refused to communicate and cooperate with counsel).

The Court next considers whether the prosecution of this action is likely to be disrupted by the withdrawal of counsel. *See Callaway Golf Co.*, 2011 WL 2899192, at *3. In August 2021, the Court denied Defendants' motion for summary judgment, and indicated its intention to set a trial date in this matter for the third calendar quarter of 2022. ECF No. 67. Given the centralized calendaring system adopted in the Southern District of New York in light of the COVID-19 pandemic, however, no trial date has yet been set. And, the action is not considered "trial ready" because the parties have not yet filed their pre-trial submissions. *See* ECF No. 71. Accordingly, a change of counsel is unlikely to cause substantial prejudice to Plaintiff, given that this matter is not "about to be tried." *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011). Therefore, the Court finds that the second factor does not militate against withdrawal.

Accordingly, Plaintiff's counsel's request to withdraw as counsel of record for Plaintiff is GRANTED. By **June 1, 2022**, Plaintiff shall file a letter indicating whether he has retained new counsel, or whether he intends to proceed *pro se*. Plaintiff's counsel are directed to serve a copy of this order on Plaintiff by personal service and first-class mail to his last-known address as soon as practicable, and file proof of service on the docket. The deadline for the parties' pretrial submissions is ADJOURNED *sine die.* The Court shall set a new intended date for trial and deadline for pre-trial submissions once it has determined how Plaintiff wishes to proceed.

SO ORDERED.

Dated: April 6, 2022
   New York, New York

ANALISA TORRES
United States District Judge